**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** _____

**LOUDEN BROADWAY PROPERTIES, LLC**,
a Delaware limited liability company,

        Plaintiff,

v.

**KENT M. SWIG**, a New York resident,
**HSI HOLDINGS, LLC**,
a Delaware limited liability company,
**DIGNITY GOLD, LLC**,
a Delaware limited liability company, and
**DIGNITY HOLDINGS, LLC**,
a Delaware limited liability company,

        Defendants.

_____/

<u>**VERIFIED COMPLAINT**</u>

    Plaintiff, LOUDEN BROADWAY PROPERTIES, LLC, a Delaware limited liability company ("LBP" or "Plaintiff") sues Defendants, KENT M. SWIG, a New York resident ("Swig"), HSI HOLDINGS, LLC, a Delaware limited liability company ("HSI"), DIGNITY GOLD, LLC, a Delaware limited liability company ("Dignity Gold"), and DIGNITY HOLDINGS, LLC, a Delaware limited liability company (Dignity Holdings") (collectively, the "Defendants") and, in support hereof states as follows:

## The Parties

1.      Plaintiff, LOUDEN BROADWAY PROPERTIES, LLC ("Louden") is a Delaware limited liability company.  Louden has two members:  Ted Doukas and Giselle Teixeira.  Both Mr. Doukas and Ms. Teixeira reside in, and are citizens of, the State of Florida.

2.      Defendant, KENT M. SWIG ("Swig"), resides in, and is a citizen of, the State of New York.

3.      Defendant, HSI HOLDINGS, LLC ("HSI") is a Delaware limited liability company with one member:  Kent M. Swig.  Mr. Swig resides in, and is a citizen of, the State of New York.

4.      Defendant, DIGNITY GOLD, LLC ("Dignity Gold") is a Delaware limited liability company.  Dignity Gold is a wholly owned subsidiary of Dignity Holdings, LLC.

5.      Defendant, DIGNITY HOLDINGS, LLC ("Dignity Holdings") is a Delaware limited liability company.   Dignity Holdings has two members:  Swig and Stephen Braverman.  Swig resides in, and is a citizen of, the State of New York.  Mr. Braverman resides in, and is a citizen of, the State of California.

## Jurisdiction and Venue

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

7.      This court may exercise supplemental jurisdiction over all state-law claims stated herein under 28 U.S.C. § 1367.

8.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper in this district pursuant since all Defendants consented to jurisdiction in Palm Beach County, Florida pursuant to venue and jurisdiction selection clauses in the various loan documents which form the basis of the causes of action set forth below.

10.     All conditions precedent to the bringing of this action have occurred, been performed or have been otherwise waived.

## General Allegations

### The HSI Credit Line Loan Agreement

11.     On or about August 9, 2018, HSI, as Borrower, and Swig, as Guarantor, entered into a Credit Line Loan Agreement with Breton Equity Company Corp. (hereinafter "the Credit Line Loan Agreement").

12.     Pursuant to the Credit Line Loan Agreement, Breton Equity Company Corp. ("Breton") established a credit facility/line of credit for the benefit of HSI in an aggregate principal amount of $850,000.00 for the purposes, subject to, and on the terms and conditions set forth in the Credit Line Loan Agreement.

13.     Also on or about August 9, 2018, Swig executed a personal guaranty therein guarantying the obligations of HSI to Breton under the Credit Line Loan Agreement ("the Swig Guaranty").

14.     Plaintiff and Breton are sister companies with overlapping ownership and common management.  On or about October 1, 2019, the Credit Line Loan Agreement, the guaranty and all security pledged as collateral for the Credit Line Loan Agreement were assigned by Breton to Plaintiff.

15.     The Credit Line Loan Agreement has been amended, modified, and extended, from time to time including numerous modifications to increase the total amount available under the line of credit.

16.     In total, between May 31, 2019 and November 5, 2020, HSI, Swig and either Breton or Plaintiff entered into twenty five (25) modification and extension agreements, each time modifying either the maturity date (the date on which all sums under the Credit Line Loan Agreement were to be paid in full) or increasing the total amount available under the line of credit.

17.     On November 5, 2020, HSI, Swig and Plaintiff entered into the Twenty Fifth Modification of Credit Line Loan Agreement and Related Documents (the final modification) and therein agreed that, together with the amount being advanced by Plaintiff to HSI on that date, the total principal sum advanced under the Credit Line Loan Agreement was $3,135,925.00.

18.     HSI, Swig and Plaintiff also agreed that the full amount of the Credit Line Loan Agreement would be paid in full by November 9, 2020 and that there would be no further extensions.

19.     HSI and Swig did not pay the Credit Line Loan Agreement as agreed on November 9, 2020 and, thus, they were in default under the terms of such agreement.

20.     On February 19, 2021, HSI and Swig were provided with a letter from then-counsel for Plaintiff providing them with notice of default under the Credit Line Loan Agreement.

21.     Effective April 5, 2021, HSI, Swig and Plaintiff entered into a Forbearance Agreement ("the Forbearance Agreement"), pursuant to which

a.   HSI and Swig acknowledged and agreed that the outstanding principal balance under the Credit Line Loan Agreement was $3,135,925.00;

b.   HSI and Swig agreed that they are liable to Plaintiff in this sum without offset, deduction, claim, counterclaim, defense or recoupment of any kind;

c.   HSI and Swig agreed that the interest calculated through May 1, 2021 on the Credit Line Loan Agreement was $273,212.35 and late fees totaled an additional $250,874.00; and

d.   HSI, Swig and Plaintiff agreed that provided HSI paid Plaintiff $100,000.00 per month on the first of each month commencing May 1,

2021 (which would be applied to accruing interest), Plaintiff would forbear from any collection activities and would only charge the regular interest rate in the Credit Line Loan Agreement (12%) rather than the rate which would be applicable under the Credit Line Loan Agreement in the event of a default (18%).

22.     HSI and Swig made only one payment under the agreement:  a payment on May 4, 2021 of $100,000.00.

23.     After May 4, 2021, neither HSI nor Swig made any payments on the Credit Line Loan Agreement and, thus, interest at the default rate of 18% continues to accrue from June 1, 2021.

<u>The Two Additional Promissory Notes Issued by HSI to Plaintiff</u>

24.     Separate from, and in addition to, the funds owed Plaintiff under the Credit Line Loan Agreement and the various advances and advance notes thereunder, HSI issued two additional promissory notes to Plaintiff, both of which were guaranteed by Swig and both of which were renewed and extended via a renewal promissory note.

25.     First, on or about October 15, 2019, HSI executed and delivered to Plaintiff a promissory note in the principal amount of $500,000.00 memorializing an additional loan by Plaintiff to HSI on or about that date (the "October 15, 2019 Promissory Note").

26.     The October 15, 2019 Promissory Note required interest only monthly payments with a balloon payment due on April 15, 2020 wherein HSI agreed to pay Plaintiff the principal and all accrued and unpaid interest.

27.     The October 15, 2019 Promissory Note was guaranteed by Swig.

28.     Neither HSI nor Swig paid the October 15, 2019 Promissory Note on or before the maturity date and requested a 6-month extension/renewal of the October 15, 2019 Promissory Note.

29.     On or about April 15, 2020, HSI executed and delivered to Plaintiff a renewal promissory note (the "April 15, 2020 Promissory Note") in the principal amount of $547,750.00 memorializing the renewal and extension of the October 15, 2019 Promissory Note, including an agreed extension fee, document preparation fees and the addition of the prior commitment fee that was not paid on the initial loan.

30.     The April 15, 2020 Promissory Note required interest only monthly payments with a balloon payment due on October 15, 2020 wherein HSI agreed to pay Plaintiff the principal and all accrued and unpaid interest.

31.     The April 15, 2020 Promissory Note was guaranteed by Swig.

32.     Neither HSI nor Swig paid the April 15, 2020 Promissory Note on or before the maturity date.

33.     The April 15, 2020 Promissory Note was also included in the Forbearance Agreement and, in such agreement:

        a. HSI and Swig acknowledged and agreed that the outstanding principal balance under the April 15, 2020 Promissory Note was $547,750.00;

        b. HSI and Swig agreed that they are liable to Plaintiff in this sum without offset, deduction, claim, counterclaim, defense or recoupment of any kind;

        c. HSI and Swig agreed that the interest up through May 1, 2021 on the April 15, 2020 Promissory Note was $53,483.76.

34.     HSI and Swig breached the terms of the Forbearance Agreement after making only one payment thereunder and, therefore, interest on the April 15, 2020 Promissory Note accrues at the default interest rate of 18% from June 1, 2021.

35.     Next, on or about December 11, 2019, HSI executed and delivered to Plaintiff a promissory note in the principal amount of $265,000.00 memorializing an additional loan by Plaintiff to HSI on or about that date (the "December 11, 2019 Promissory Note").

36.     The December 11, 2019 Promissory Note required interest only monthly payments with a balloon payment due on June 11, 2020 wherein HSI agreed to pay Plaintiff the principal and all accrued and unpaid interest.

37.     The December 11, 2019 Promissory Note was guaranteed by Swig.

38.     Neither HSI nor Swig paid the December 11, 2019 Promissory Note on or before the maturity date and requested a 6-month extension/renewal of the December 11, 2019 Promissory Note.

39.     On or about June 11, 2020, HSI executed and delivered to Plaintiff a renewal promissory note (the "June 11, 2020 Promissory Note") in the principal amount of $277,350.00 memorializing the renewal and extension of the December 11, 2019 Promissory Note, including an agreed extension fee, document preparation fees and the addition of the prior commitment fee that was not paid on the initial loan.  The June 11, 2020 Promissory Note was mistakenly dated June 11, 2019.

40.     The June 11, 2020 Promissory Note required interest only monthly payments with a balloon payment due on December 11, 2020 wherein HSI agreed to pay Plaintiff the principal and all accrued and unpaid interest.

41.     The June 11, 2020 Promissory Note was guaranteed by Swig.

42.     Neither HSI nor Swig paid the June 11, 2020 Promissory Note on or before the maturity date.

43.     The June 11, 2020 Promissory Note was also included in the Forbearance Agreement and, in such agreement:

        a. HSI and Swig acknowledged and agreed that the outstanding principal balance under the June 11, 2020 Promissory Note was $277,350.00;

        b. HSI and Swig agreed that they are liable to Plaintiff in this sum without offset, deduction, claim, counterclaim, defense or recoupment of any kind;

        c. HSI and Swig agreed that the interest up through May 1, 2021 on the June 11, 2020 Promissory Note was $27,629.56.

44.     HSI and Swig breached the terms of the Forbearance Agreement after making only one payment thereunder and, therefore, interest on the June 11, 2020 Promissory Note accrues at the default interest rate of 18% from June 1, 2021.

<u>Plaintiff Issues Four Loans to Dignity Gold, Guaranteed by Dignity Holdings and Swig</u>

45.     In addition to the various loans and advances issued by Plaintiff (or originally issued by Breton, but assigned to Plaintiff) to HSI and guaranteed by Swig, Swig also convinced Plaintiff to lend money for the benefit of another company/business venture in which Swig held a substantial interest:  Dignity Gold.

46.     Plaintiff issued a series of four loans, totaling $1,315,000.00 directly to Dignity Gold.[1]

---

[1] In addition to the loans made directly to Dignity Gold and guaranteed by Swig, some of the previously described loans were also earmarked by Swig to fund the Dignity Gold business venture (specifically, the $500,000.00 loan issued in October 2019 and memorialized by the October 15, 2019 Promissory Note and the $265,000.00 loan issued in December 2019 and memorialized by the December 11, 2019 Promissory Note).

47.    On or about March 5, 2020, Dignity Gold executed and delivered to Plaintiff a Promissory Note in the principal amount of $350,000.00 memorializing a loan by Plaintiff to Dignity Gold on or about that date (the "March 5, 2020 Dignity Gold Note").

48.    The March 5, 2020 Dignity Gold Note required interest only monthly payments with a balloon payment due on September 5, 2020 wherein Dignity Gold agreed to pay Plaintiff the principal and all accrued and unpaid interest.

49.    The March 5, 2020 Dignity Gold Note was guaranteed by both Swig and Dignity Holdings.2

50.    Pursuant to an extension agreement executed on or about August 31, 2020, the maturity date of the March 5, 2020 Dignity Gold Note was extended to December 5, 2020.

51.    On or about April 15, 2020, Dignity Gold executed and delivered to Plaintiff a second Promissory Note in the principal amount of $350,000.00 memorializing a loan by Plaintiff to Dignity Gold on or about that date (the "April 15, 2020 Dignity Gold Note").

52.    The April 15, 2020 Dignity Gold Note required interest only monthly payments with a balloon payment due on September 5, 2020 wherein Dignity Gold agreed to pay Plaintiff the principal and all accrued and unpaid interest.

53.    The April 15, 2020 Dignity Gold Note was guaranteed by both Swig and Dignity Holdings.

54.    Pursuant to an extension agreement executed on or about August 31, 2020, the maturity date of the April 15, 2020 Dignity Gold Note was extended to December 5, 2020.

55.    On or about June 1, 2020, Dignity Gold executed and delivered to Plaintiff a third Promissory Note in the principal amount of $330,000.00 memorializing a loan by Plaintiff to Dignity Gold on or about that date (the "June 1, 2020 Dignity Gold Note").

---

2 Swig had previously provided Plaintiff with copies of press releases from Dignity Gold and Dignity Holdings stating that Dignity Gold was a wholly-owned subsidiary of Dignity Holdings.

56.     The June 1, 2020 Dignity Gold Note required interest only monthly payments with a balloon payment due on September 5, 2020 wherein Dignity Gold agreed to pay Plaintiff the principal and all accrued and unpaid interest.

57.     The June 1, 2020 Dignity Gold Note was guaranteed by both Swig and Dignity Holdings.

58.     Pursuant to an extension agreement executed on or about August 31, 2020, the maturity date of the June 1, 2020 Dignity Gold Note was extended to December 5, 2020.

59.     On or about August 31, 2020, Dignity Gold executed and delivered to Plaintiff a fourth Promissory Note in the principal amount of $285,000.00 memorializing a loan by Plaintiff to Dignity Gold on or about that date (the "August 31, 2020 Dignity Gold Note").

60.     The August 31, 2020 Dignity Gold Note required interest only monthly payments with a balloon payment due on December 5, 2020 wherein Dignity Gold agreed to pay Plaintiff the principal and all accrued and unpaid interest.

61.     The August 31, 2020 Dignity Gold Note was guaranteed by both Swig and Dignity Holdings.

62.     Plaintiff has retained the law firm of Gershman & Gershman, P.A. and is obligated to pay this firm a reasonable fee for their services in bringing this action.

**COUNT I**
**(Action on Promissory Notes/Credit Line Loan Agreement Against HSI)**

63.     Plaintiff adopts and realleges paragraphs 1 through 62 as if fully set forth herein.

64.     On or about August 9, 2018, HSI, as Borrower, entered into a Credit Line Loan Agreement with Breton.  See Exhibit A.

65.     Pursuant to the Credit Line Loan Agreement, Breton established a credit facility/line of credit for the benefit of HSI in an aggregate principal amount of $850,000.00 for

the purposes, subject to, and on the terms and conditions set forth in the Credit Line Loan Agreement.

66.     Plaintiff and Breton are sister companies with overlapping ownership and common management and, on or about October 1, 2019, the Credit Line Loan Agreement, the guaranty and all security pledged as collateral were assigned by Breton to Plaintiff.

67.     The Credit Line Loan Agreement has been amended, modified, and extended from time to time including numerous increases to the total amount available under the Line of Credit.

68.     In total, between May 31, 2019 and November 5, 2020, HSI, Swig and either Breton or Plaintiff entered into twenty five (25) modification and extension agreements, each time modifying either the maturity date (the date on which all sums under the Credit Line Loan Agreement were to be paid in full) or increasing the total amount available under the line of credit.

69.     The final modification and extension agreement, the Twenty Fifth Modification of Credit Line Loan Agreement and Related Documents, was executed on or about November 5, 2020.  See Exhibit B.  This modification and extension agreement confirmed that the outstanding principal balance of the Credit Line Loan Agreement was $3,135,925.00.

70.     The funds advanced to HSI under the Credit Line Loan Agreement are as follows (each advance was memorialized by a request for advance and an advance note per the terms of the Credit Line Loan Agreement):

    a.  $355,000.00 was advanced on or about August 9, 2018;

    b.  $55,000.00 was advanced on or about August 22, 2018;

    c.  $55,000.00 was advanced on or about September 21, 2018;

    d.  $55,000.00 was advanced on or about October 15, 2018;

e.  $55,000.00 was advanced on or about December 3, 2018;

f.  $55,000.00 was advanced on or about January 7, 2019;

g.  $55,000.00 was advanced on or about February 5, 2019;

h.  $55,000.00 was advanced on or about March 5, 2019;

i.  $55,000.00 was advanced on or about April 5, 2019;

j.  $55,000.00 was advanced on or about May 8, 2019;

k.  $55,000.00 was advanced on or about May 31, 2019;

l.  $55,000.00 was advanced on or about June 28, 2019;

m. $55,000.00 was advanced on or about July 26, 2019;

n.  $55,000.00 was advanced on or about August 1, 2019;

o.  $95,000.00 was advanced on or about August 22, 2019;

p.  $7,500.00 was advanced on or about September 9, 2019;

q.  $55,000.00 was advanced on or about September 20, 2019;

r.  $105,000.00 was advanced on or about October 7, 2019;

s.  $100,000.00 was advanced on or about November 11, 2019;

t.  $260,000.00 was advanced on or about November 27, 2019;

u.  $55,000.00 was advanced on or about December 20, 2019;

v.  $55,000.00 was advanced on or about January 16, 2020;

w.  $55,000.00 was advanced on or about February 10, 2020;

x.  $110,925.00 was advanced on or about February 20, 2020;

y.  $60,000.00 was advanced on or about March 16, 2020;

z.  $60,000.00 was advanced on or about April 23, 2020;

aa. $135,000.00 was advanced on or about May 18, 2020;

bb. $55,000.00 was advanced on or about June 10, 2020;

cc. $140,000.00 was advanced on or about July 2, 2020;

dd. $120,000.00 was advanced on or about July 24, 2020;

ee. $280,000.00 was advanced on or about August 14, 2020;

ff. $115,000.00 was advanced on or about September 28, 2020;

gg. $62,500.00 was advanced on or about October 15, 2020;

hh. $70,000.00 was advanced on or about October 24, 2020; and

ii. $70,000.00 was advanced on or about November 5, 2020.

71.   The outstanding principal balance of $3,135,925.00 was also confirmed by HSI in the Forbearance Agreement which had an effective date of April 5, 2021.  See Exhibit C.

72.   Plaintiff is the present owner and holder of the Credit Line Loan Agreement and all advance notes issued thereunder.

73.   The Credit Line Loan Agreement and each of the advance notes issued thereunder matured and was due to be paid in full on or before November 9, 2020.

74.   HSI failed to pay the balance of the Credit Line Loan Agreement, and all advances issued thereunder, when due.

75.   While Plaintiff and HSI entered into a Forbearance Agreement confirming the balance $3,135,925.00 (as well as the accrued interest at late fees up through May 1, 2021), and therein agreed that, provided that HSI pays Plaintiff the sum of $100,000.00 per month to be applied to accruing interest Plaintiff would refrain from collection action for a period of one year, only one payment of $100,000.00 was ever made and, thus, Plaintiff's obligation to refrain from collection action had ceased on June 1, 2021.

76.     As of September 1, 2022, HSI owes Plaintiff the following:

| | |
|---|---|
| Principal: | $3,135,925.00 |
| Interest @ 12% from 8/9/20 - 5/1/21: | $273,212.35 |
| Interest @ 12 from 5/1/21 – 6/1/21: | $31,960.69 |
| Monthly 1% late fees (8 months): | $250,874.00 |
| Payment applied to interest on 5/1/21: | ($100,000.00) |
| Interest @ 18% from 6/1/21 - 9/1/22: | $706,741.36 |
| Total Amount Due as of 9/1/22: | **$4,298,713.40** |

Interest continues to accrue at the rate of $1,546.48 per day.

77.     Pursuant to the terms of Credit Line Loan Agreement, HSI also is obligated to pay Plaintiff's reasonable attorney's fees and costs.

WHEREFORE, for the reasons set forth above, Plaintiff, LOUDEN BROADWAY PROPERTIES, LLC, demands that a judgment be entered against Defendant, HSI HOLDINGS, LLC, for the amounts set forth in paragraph 76 hereof, together with reasonable attorney's fees and costs, and prays for any and all other relief this Court deems just and proper under the circumstances.

## COUNT II
### (Action on April 15, 2020 Promissory Note Against HSI)

78.     Plaintiff adopts and realleges paragraphs 1 through 62 as if fully set forth herein.

79.     On or about April 15, 2020, HSI executed and delivered to Plaintiff a promissory note (the "April 15, 2020 Promissory Note") in the principal amount of $547,750.00 memorializing the renewal and extension of the October 15, 2019 Promissory Note, including an agreed extension fee, document preparation fees and the addition of the prior commitment fee that was not paid on the initial loan.   See Exhibit D.

80.     The April 15, 2020 Promissory Note required interest only monthly payments with a balloon payment due on October 15, 2020 wherein HSI agreed to pay Plaintiff the principal and all accrued and unpaid interest.

14

81.     Plaintiff owns and holds the April 15, 2020 Promissory Note.

82.     HSI failed to pay the April 15, 2020 Promissory Note when due.

83.     As of September 1, 2022, HSI owes Plaintiff the following on the April 15, 2020

Promissory Note:

| | |
|---|---|
| Principal: | $547,750.00 |
| Interest @ 18% from 10/15/20 - 9/1/22: | $185,302.32 |
| Total Amount Due as of 9/1/22: | **$733,052.32** |

Interest continues to accrue at the rate of $270.12 per day.

84.     Pursuant to the terms of April 15, 2020 Promissory Note, HSI also is obligated to

pay Plaintiff's reasonable attorney's fees and costs.

WHEREFORE, for the reasons set forth above, Plaintiff, LOUDEN BROADWAY

PROPERTIES, LLC, demands that a judgment be entered against Defendant, HSI HOLDINGS,

LLC, for the amounts set forth in paragraph 83 hereof, together with reasonable attorney's fees

and costs, and prays for any and all other relief this Court deems just and proper under the

circumstances.

### COUNT III
### (Action on June 11, 2020 Promissory Note Against HSI)

85.     Plaintiff adopts and realleges paragraphs 1 through 62 as if fully set forth herein.

86.     On or about June 11, 2020, HSI executed and delivered to Plaintiff a promissory

note (the "June 11, 2020 Promissory Note") in the principal amount of $277,350.00

memorializing the renewal and extension of the December 11, 2019 Promissory Note, including

an agreed extension fee, document preparation fees and the addition of the prior commitment fee

that was not paid on the initial loan. See Exhibit E.

87.     The June 11, 2020 Promissory Note required interest only monthly payments with

a balloon payment due on December 11, 2020 wherein HSI agreed to pay Plaintiff the principal

and all accrued and unpaid interest.

88.  Plaintiff owns and holds the June 11, 2020 Promissory Note.

89.  HSI failed to pay the June 11, 2020 Promissory Note when due.

90.  As of September 1, 2022, HSI owes Plaintiff the following on the June 11, 2020 Promissory Note:

| | |
|---|---|
| Principal: | $277,350.00 |
| Interest @ 18% from 10/11/20 - 9/1/22: | $94,378.20 |
| Total Amount Due as of 9/1/22: | **$371,728.20** |

Interest continues to accrue at the rate of $136.78 per day.

91.  Pursuant to the terms of June 11, 2020 Promissory Note, HSI also is obligated to pay Plaintiff's reasonable attorney's fees and costs.

WHEREFORE, for the reasons set forth above, Plaintiff, LOUDEN BROADWAY PROPERTIES, LLC, demands that a judgment be entered against Defendant, HSI HOLDINGS, LLC, for the amounts set forth in paragraph 90 hereof, together with reasonable attorney's fees and costs, and prays for any and all other relief this Court deems just and proper under the circumstances.

## COUNT IV
### (Action on the Four Dignity Gold Promissory Notes)

92.  Plaintiff adopts and realleges paragraphs 1 through 62 as if fully set forth herein.

93.  On or about March 5, 2020, Dignity Gold executed and delivered to Plaintiff a Promissory Note in the principal amount of $350,000.00 memorializing a loan by Plaintiff to Dignity Gold on or about that date (the "March 5, 2020 Dignity Gold Note").  See Exhibit F.

94.  The March 5, 2020 Dignity Gold Note required interest only monthly payments with a balloon payment due on September 5, 2020 wherein Dignity Gold agreed to pay Plaintiff the principal and all accrued and unpaid interest.

95.  On or about April 15, 2020, Dignity Gold executed and delivered to Plaintiff a second Promissory Note in the principal amount of $350,000.00 memorializing a loan by

Plaintiff to Dignity Gold on or about that date (the "April 15, 2020 Dignity Gold Note").   See Exhibit G.

96.     The April 15, 2020 Dignity Gold Note required interest only monthly payments with a balloon payment due on September 5, 2020 wherein Dignity Gold agreed to pay Plaintiff the principal and all accrued and unpaid interest.

97.     On or about June 1, 2020, Dignity Gold executed and delivered to Plaintiff a third Promissory Note in the principal amount of $330,000.00 memorializing a loan by Plaintiff to Dignity Gold on or about that date (the "June 1, 2020 Dignity Gold Note").  See Exhibit H.

98.     The June 1, 2020 Dignity Gold Note required interest only monthly payments with a balloon payment due on September 5, 2020 wherein Dignity Gold agreed to pay Plaintiff the principal and all accrued and unpaid interest.

99.     On or about August 31, 2020, Dignity Gold executed and delivered to Plaintiff a fourth Promissory Note in the principal amount of $285,000.00 memorializing a loan by Plaintiff to Dignity Gold on or about that date (the "August 31, 2020 Dignity Gold Note").  See Exhibit I.

100.     The August 31, 2020 Dignity Gold Note required interest only monthly payments with a balloon payment due on December 5, 2020 wherein Dignity Gold agreed to pay Plaintiff the principal and all accrued and unpaid interest.

101.     Also on August 31, 2020, Plaintiff and Dignity Gold agreed to extend the maturity date of the March 5, 2020 Dignity Gold Note, the April 15, 2020 Dignity Gold Note and the June 1, 2020 Dignity Gold Note to December 5, 2020.

102.     Plaintiff owns and holds the March 5, 2020 Dignity Gold Note, the April 15, 2020 Dignity Gold Note, the June 1, 2020 Dignity Gold Note and the August 31, 2020 Dignity Gold Note.

103.     Dignity Gold failed to pay each of these Notes when due.

104.    As of September 1, 2022, Dignity Gold owes Plaintiff the following on the March

5, 2020 Dignity Gold Note:

| | |
|---|---|
| Principal: | $350,000.00 |
| Interest @ 12% from 9/5/20 - 12/5/20: | $10,471.37 |
| Interest @ 18% from 12/5/20 - 9/1/22: | $109,601.00 |
| Total Amount Due as of 9/1/22: | **$470,072.37** |

Interest continues to accrue at the rate of $172.60 per day.

105.    As of September 1, 2022, Dignity Gold owes Plaintiff the following on the April

15, 2020 Dignity Gold Note:

| | |
|---|---|
| Principal: | $350,000.00 |
| Interest @ 12% from 9/5/20 - 12/5/20: | $10,471.37 |
| Interest @ 18% from 12/5/20 - 9/1/22: | $109,601.00 |
| Total Amount Due as of 9/1/22: | **$470,072.37** |

Interest continues to accrue at the rate of $172.60 per day.

106.    As of September 1, 2022, Dignity Gold owes Plaintiff the following on the June

1, 2020 Dignity Gold Note:

| | |
|---|---|
| Principal: | $330,000.00 |
| Interest @ 12% from 9/5/20 - 12/5/20: | $9,872.59 |
| Interest @ 18% from 12/5/20 - 9/1/22: | $103,339.90 |
| Total Amount Due as of 9/1/22: | **$443,212.49** |

Interest continues to accrue at the rate of $162.74 per day.

107.    As of September 1, 2022, Dignity Gold owes Plaintiff the following on the

August 31, 2020 Dignity Gold Note:

| | |
|---|---|
| Principal: | $285,000.00 |
| Interest @ 12% from 8/31/20 - 12/5/20: | $8,995.20 |
| Interest @ 18% from 12/5/20 - 9/1/22: | $89,249.25 |
| Total Amount Due as of 9/1/22: | **$383,244.45** |

Interest continues to accrue at the rate of $140.55 per day.

18

108.    Pursuant to the terms of the March 5, 2020 Dignity Gold Note, the April 15, 2020 Dignity Gold Note, the June 1, 2020 Dignity Gold Note and the August 31, 2020 Dignity Gold Note, Dignity Gold also is obligated to pay Plaintiff's reasonable attorney's fees and costs.

WHEREFORE, for the reasons set forth above, Plaintiff, LOUDEN BROADWAY PROPERTIES, LLC, demands that a judgment be entered against Defendant, DIGNITY GOLD, LLC, for the amounts set forth in paragraph 104, 105, 106 and 107 hereof, together with reasonable attorney's fees and costs, and prays for any and all other relief this Court deems just and proper under the circumstances.

### COUNT IV
### (Action on Guarantees Against Swig)

109.    Plaintiff adopts and realleges paragraphs 1 through 108 as if fully set forth herein.

110.    On or about August 9, 2018, Swig executed and delivered to Breton a Guaranty therein personally guarantying all sums due under the Credit Line Loan Agreement, including any renewals, modifications and extensions thereof ("the Swig Guaranty").   See Exhibit J.

111.    The Swig Guaranty was assigned by Breton to Plaintiff when Breton assigned the Credit Line Loan Agreement and all advance notes issued thereunder effective October 1, 2019.[3]

112.    Then, each time that the Credit Line Loan Agreement was modified and extended, and for each increase of the amount borrowed under the Credit Line Loan Agreement, Swig also executed the modification agreement in his individual capacity and acknowledged and agreed that the Swig Guaranty applied to the full amount of the increase in the Credit Line Loan Agreement.  See, i.e., Exhibit B.

113.    Pursuant to the terms of the Swig Guaranty, Swig is responsible to pay all amounts due by HSI to Plaintiff under the Credit Line Loan Agreement (including all advances

---

[3] Each advance made to HSI subsequent to October 1, 2019 (as delineated in paragraph 70) was funded directly by Plaintiff.

and advance notes thereunder) together with, all late fees, regular and default interest, reasonable attorney's fees and costs, and such other costs and expenses the lender may incur in enforcing the terms of the Credit Line Loan Agreement.  The full amount thereof is set forth in paragraph 76 above.

114.    HSI defaulted under the Credit Line Loan Agreement as described above including failing to pay the Credit Line Loan Agreement (and all advances and advance notes issued thereunder) on the maturity date.

115.    As a result of such default, Swig, as the guarantor under the Swig Guaranty, owes Plaintiff the principal sum set forth in paragraph 76 above.

116.    In addition to providing a guaranty of the Credit Line Loan Agreement, Swig also issued separate guarantees of:

  a.  the April 15, 2020 Promissory Note (See Exhibit K);

  b.  the June 11, 2020 Promissory Note (See Exhibit L);

  c.  the March 5, 2020 Dignity Gold Note (See Exhibit M);

  d.  the April 15, 2020 Dignity Gold Note (See Exhibit N);

  e.  the June 1, 2020 Dignity Gold Note (See Exhibit O); and

  f.  the August 31, 2020 Dignity Gold Note (See Exhibit P).

117.    Pursuant to the terms of each of the attached guaranty agreements, Swig is responsible to pay all amounts due by HSI and Dignity Gold to Plaintiff under each of the promissory notes described above together with, all late fees, regular and default interest, reasonable attorney's fees and costs, and such other costs and expenses the lender may incur in enforcing the terms of such promissory note.

118.    HSI defaulted under the April 15, 2020 Promissory Note and the June 11, 2020 Promissory Note as described above including failing to pay each of these promissory notes on the maturity date.

119.    As a result of such default, Swig, as the guarantor under the April 15, 2020 Promissory Note and the June 11, 2020 Promissory Note, owes Plaintiff the principal sums set forth in paragraphs 83 and 90 above.

120.    Dignity Gold defaulted under the March 5, 2020 Dignity Gold Note, the April 15, 2020 Dignity Gold Note, the June 1, 2020 Dignity Gold Note and the August 31, 2020 Dignity Gold Note as described above including failing to pay each of these promissory notes on the maturity date.

121.    As a result of such default, Swig, as the guarantor under the March 5, 2020 Dignity Gold Note, the April 15, 2020 Dignity Gold Note, the June 1, 2020 Dignity Gold Note and the August 31, 2020 Dignity Gold Note, owes Plaintiff the principal sums set forth in paragraphs 104, 105, 106 and 107 above.

122.    Pursuant to the terms of each guaranty agreement, Swig is obligated to pay Plaintiff's reasonable attorney's fees and costs.

WHEREFORE, for the reasons set forth above, Plaintiff, LOUDEN BROADWAY PROPERTIES, LLC, demands that a judgment be entered against Defendant, KENT M. SWIG, for the amounts set forth in paragraph 76, 83, 90, 104, 105, 106 and 107 hereof, together with reasonable attorney's fees and costs, and prays for any and all other relief this Court deems just and proper under the circumstances.

## COUNT V
### (Action on Guarantees Against Dignity Holdings)

123.    Plaintiff adopts and realleges paragraphs 1 through 62 and 93 through 108 as if fully set forth herein.

124.    On or about March 5, 2020, Dignity Holdings executed and delivered to Louden a Guaranty therein personally guarantying all sums due under the March 5, 2020 Dignity Gold Note, including any renewals, modifications and extensions thereof ("the March 5, 2020 Dignity Holdings Guaranty").   See Exhibit Q.

125.    Pursuant to the terms of the March 5, 2020 Dignity Holdings Guaranty, Dignity Holdings is responsible to pay all amounts due by Dignity Gold to Plaintiff under the March 5, 2020 Dignity Gold Note, together with, all late fees, regular and default interest, reasonable attorney's fees and costs, and such other costs and expenses the lender may incur in enforcing the terms of this promissory note.  The full amount thereof is set forth in paragraph 104 above.

126.    On or about April 15, 2020, Dignity Holdings executed and delivered to Louden a Guaranty therein personally guarantying all sums due under the April 15, 2020 Dignity Gold Note, including any renewals, modifications and extensions thereof ("the April 15, 2020 Dignity Holdings Guaranty").   See Exhibit R.

127.    Pursuant to the terms of the April 15, 2020 Dignity Holdings Guaranty, Dignity Holdings is responsible to pay all amounts due by Dignity Gold to Plaintiff under the April 15, 2020 Dignity Gold Note, together with, all late fees, regular and default interest, reasonable attorney's fees and costs, and such other costs and expenses the lender may incur in enforcing the terms of this promissory note.  The full amount thereof is set forth in paragraph 105 above.

128.    On or about June 1, 2020, Dignity Holdings executed and delivered to Louden a Guaranty therein personally guarantying all sums due under the June 1, 2020 Dignity Gold Note,

including any renewals, modifications and extensions thereof ("the June 1, 2020 Dignity Holdings Guaranty").   See Exhibit S.

129.    Pursuant to the terms of the June 1, 2020 Dignity Holdings Guaranty, Dignity Holdings is responsible to pay all amounts due by Dignity Gold to Plaintiff under the June 1, 2020 Dignity Gold Note, together with, all late fees, regular and default interest, reasonable attorney's fees and costs, and such other costs and expenses the lender may incur in enforcing the terms of this promissory note.  The full amount thereof is set forth in paragraph 106 above.

130.    On or about August 31, 2020, Dignity Holdings executed and delivered to Louden a Guaranty therein personally guarantying all sums due under the August 31, 2020 Dignity Gold Note, including any renewals, modifications and extensions thereof ("the August 31, 2020 Dignity Holdings Guaranty").   See Exhibit T.

131.    Pursuant to the terms of the August 31, 2020 Dignity Holdings Guaranty, Dignity Holdings is responsible to pay all amounts due by Dignity Gold to Plaintiff under the August 31, 2020 Dignity Gold Note, together with, all late fees, regular and default interest, reasonable attorney's fees and costs, and such other costs and expenses the lender may incur in enforcing the terms of this promissory note.  The full amount thereof is set forth in paragraph 107 above.

132.    Dignity Gold defaulted under the March 5, 2020 Dignity Gold Note, the April 15, 2020 Dignity Gold Note, the June 1, 2020 Dignity Gold Note and the August 31, 2020 Dignity Gold Note as described above including failing to pay each of these promissory notes on the maturity date.

133.    As a result of such default, Dignity Holdings, as the guarantor under guaranty agreements described above, owes Plaintiff the principal sum set forth in paragraphs 104, 105, 106 and 107 above.

134.    Pursuant to the terms of each guaranty agreement, Dignity Holdings is obligated to pay Plaintiff's reasonable attorney's fees and costs.

WHEREFORE, for the reasons set forth above, Plaintiff, LOUDEN BROADWAY PROPERTIES, LLC, demands that a judgment be entered against Defendant, DIGNITY HOLDINGS, LLC, for the amounts set forth in paragraph 104, 105, 106 and 107 hereof, together with reasonable attorney's fees and costs, and prays for any and all other relief this Court deems just and proper under the circumstances.

Dated this 18th day of September, 2022.

Respectfully submitted,

_/s Robert S. Gershman_____

**ROBERT S. GERSHMAN**
Florida Bar No.  917397
2160 W. Atlantic Avenue, 2nd Floor
Delray Beach, Florida  33445
Telephone:          (561) 684-8898
Facsimile:          (561) 998-5868
Primary e-mail:      robert@rglawfirm.us
*Trial Counsel for Plaintiff*

## **VERIFICATION**

I, Ted Doukas, declare as follows:

1. At all relevant times, I was the President of Breton Equity Company Corp. and the Manager of Louden Broadway Properties, LLC.

2. As such, I have personal knowledge of the facts set forth herein and if called to testify as to these matters would do so competently.

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ⎜⎜ day of September, 2022.

Ted Doukas