**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:22-CV-81448-MIDDLEBROOKS**

**LOUDEN BROADWAY PROPERTIES, LLC**,
a Delaware limited liability company,

      Plaintiff,

v.

**KENT M. SWIG**, a New York resident,
**HSI HOLDINGS, LLC,**
a Delaware limited liability company,
**DIGNITY GOLD, LLC,**
a Delaware limited liability company, and
**DIGNITY HOLDINGS, LLC,**
a Delaware limited liability company,

      Defendants.

_____/

**DEFENDANTS' VERIFIED ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendants Kent Swig, HSI Holdings, LLC, Dignity Gold, LLC, and Dignity Holdings, LLC (collectively, "Defendants"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, file this Answer and Affirmative Defenses to the Verified Complaint, [ECF No. 1] (the "Complaint"), filed by Plaintiff Louden Broadway Properties, LLC ("Plaintiff").

**The Parties**

1.    Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 1 of the Complaint, and therefore deny the allegations.

2.    Defendants admit the allegations in Paragraph 2 of the Complaint.

3.    Defendants admit the allegations in Paragraph 3 of the Complaint.

4.    Defendants admit that Dignity Gold is a Delaware limited liability company. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

1

5.      Defendants admit that Dignity Holdings, LLC is a Delaware limited liability company, and that two of Dignity Holdings, LLC's members, Kent Swig and Stephen Braverman, are citizens of the State of New York and the State of California, respectively. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

### Jurisdiction and Venue

6.      Paragraph 6 states legal conclusions to which no response is required from Defendants.  To the extent a response is required, denied.

7.      Paragraph 7 states legal conclusions to which no response is required from Defendants.  To the extent a response is required, denied.

8.      Admitted that, by this action, Plaintiff is seeking damages in excess of $75,000; however, Defendants deny any liability to Plaintiff in connection therewith.

9.      Paragraph 9 states legal conclusions to which no response is required from Defendants.  To the extent a response is required, denied.

10.      Defendants deny that they have waived any rights. As to the remainder of the allegations in Paragraph 10, Defendants are without sufficient information or knowledge to either admit or deny those allegations, and therefore deny them.

### General Allegations

The HSI Credit Line Loan Agreement

11.      Defendants admit the allegations in Paragraph 11 of the Complaint.

12.      Defendants admit that HSI entered into a Credit Line Loan Agreement with Breton Equity Company Corp. on or about August 9, 2018, but deny the allegations in Paragraph 12 of the Complaint provide complete and accurate terms of the Credit Line Loan Agreement. Defendants further state that the Credit Line Loan Agreement speaks for itself and therefore

Defendants further deny any allegations contained in Paragraph 12 of the Complaint that contradict or misconstrue the terms of the Credit Line Loan Agreement.

13.     Defendants admit that Defendant Swig executed a personal guaranty on or about August 9, 2018, but deny the allegations in Paragraph 13 of the Complaint provide complete and accurate terms of the personal guaranty. Defendants further state that the personal guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 13 of the Complaint that contradict or misconstrue the terms of the personal guaranty.

14.     Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 14, and therefore deny the allegations.

15.     Defendants admit the allegations in Paragraph 15 of the Complaint.

16.     Defendants admit the Credit Line Loan Agreement has been amended, modified, and extended, but deny the allegations in Paragraph 16 of the Complaint provide complete and accurate terms of the amendments, modifications, and extensions of the Credit Line Loan Agreement. Defendants further state that the amendments, modifications, and extensions to the Credit Line Loan Agreement speaks for themselves and therefore Defendants further deny any allegations contained in Paragraph 16 of the Complaint that contradict or misconstrue the terms of the amendments, modifications, and extensions to the Credit Line Loan Agreement.

17.     Defendants admit HSI entered into a modification of the Credit Line Loan Agreement on or about November 5, 2020, but deny the allegations in Paragraph 17 of the Complaint provide complete and accurate terms of such modification. Defendants further state that such modification speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 17 of the Complaint that contradict or misconstrue the terms of such modification.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants admit entering into a Forbearance Agreement effective April 5, 2021, but deny the allegations in Paragraph 21 of the Complaint, including subparagraphs (a) through (d) thereof, provide complete and accurate terms of the Forbearance Agreement. Defendants further state that the Forbearance Agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 21 of the Complaint, including subparagraphs (a) through (d) thereof, that contradict or misconstrue the terms of the Forbearance Agreement.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

The Two Additional Promissory Notes Issued by HSI to Plaintiffs

24.     Defendants admit the allegations in Paragraph 24 of the Complaint.

25.     Defendants admit HSI executed a promissory note in the principal amount of $500,000.00, but deny the allegations in Paragraph 25 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 25 of the Complaint that contradict or misconstrue the terms of the promissory note.

26.     Defendants admit HSI executed a promissory note in the principal amount of $500,000.00, but deny the allegations in Paragraph 26 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 26 of the Complaint that contradict or misconstrue the terms of the promissory note.

27.     Defendants admit the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants admit HSI executed a promissory note in the principal amount of $547,750.00, but deny the allegations in Paragraph 29 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 29 of the Complaint that contradict or misconstrue the terms of the promissory note.

30.     Defendants admit HSI executed a promissory note in the principal amount of $547,750.00, but deny the allegations in Paragraph 30 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 30 of the Complaint that contradict or misconstrue the terms of the promissory note.

31.     Defendants admit the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit entering into Forbearance Agreement effective April 5, 2021 and executing a promissory note in the principal amount of $547,750.00, but deny the allegations in Paragraph 33 of the Complaint provide complete and accurate terms of the Forbearance Agreement or promissory note. Defendants further state that the Forbearance Agreement and promissory note speak for themselves and therefore Defendants further deny any allegations contained in Paragraph 33 of the Complaint that contradict or misconstrue the terms of the Forbearance Agreement or promissory note.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants admit HSI executed a promissory note in the principal amount of $265,000.00, but deny the allegations in Paragraph 35 of the Complaint provide complete and

accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 35 of the Complaint that contradict or misconstrue the terms of the promissory note.

36.     Defendants admit HSI executed a promissory note in the principal amount of $265,000.00, but deny the allegations in Paragraph 36 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 36 of the Complaint that contradict or misconstrue the terms of the promissory note.

37.     Defendants admit the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants admit HSI executed a promissory note in the principal amount of $277,350.00, but deny the allegations in Paragraph 39 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 39 of the Complaint that contradict or misconstrue the terms of the promissory note.

40.     Defendants admit HSI executed a promissory note in the principal amount of $277,350.00, but deny the allegations in Paragraph 40 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 40 of the Complaint that contradict or misconstrue the terms of the promissory note.

41.     Defendants state that Defendant Swig signed an agreement of guaranty, but deny the allegations in Paragraph 41 of the Complaint provide complete and accurate terms of the agreement of guaranty. Defendants further state that the agreement of guaranty speaks for itself

and therefore Defendants further deny any allegations contained in Paragraph 41 of the Complaint that contradict or misconstrue the terms of the agreement of guaranty.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants admit entering into Forbearance Agreement effective April 5, 2021 and executing a promissory note in the principal amount of $277,350.00, but deny the allegations in Paragraph 43 of the Complaint provide complete and accurate terms of the Forbearance Agreement or promissory note. Defendants further state that the Forbearance Agreement and promissory note speak for themselves and therefore Defendants further deny any allegations contained in Paragraph 43 of the Complaint that contradict or misconstrue the terms of the Forbearance Agreement or promissory note.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

Plaintiff Issues Four Loans to Dignity Gold, Guaranteed by Dignity Holdings and Swig

45.     Defendants are without sufficient information or knowledge to either admit or deny that any loans or advances were assigned to Plaintiff, and therefore deny such allegations in Paragraph 45 of the Complaint. Defendants admit the remaining allegations in Paragraph 45 of the Complaint.

46.     Defendants admit the allegations in Paragraph 46 of the Complaint, including footnote 1 thereto.

47.     Defendants admit Dignity Gold executed a promissory note in the principal amount of $350,000.00, but deny the allegations in Paragraph 47 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 47 of the Complaint that contradict or misconstrue the terms of the promissory note.

48.     Defendants admit Dignity Gold executed a promissory note in the principal amount of $350,000.00, but deny the allegations in Paragraph 48 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 48 of the Complaint that contradict or misconstrue the terms of the promissory note.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint, including footnote 2 thereto.

50.     Defendants admit Dignity Gold executed an extension agreement on or about August 31, 2020, but deny the allegations in Paragraph 50 of the Complaint provide complete and accurate terms of the extension agreement. Defendants further state that the extension agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 50 of the Complaint that contradict or misconstrue the terms of the extension agreement.

51.     Defendants admit Dignity Gold executed a second promissory note in the principal amount of $350,000.00, but deny the allegations in Paragraph 51 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 51 of the Complaint that contradict or misconstrue the terms of the promissory note.

52.     Defendants admit Dignity Gold executed a second promissory note in the principal amount of $350,000.00, but deny the allegations in Paragraph 52 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 52 of the Complaint that contradict or misconstrue the terms of the promissory note.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants admit Dignity Gold executed an extension agreement on or about August 31, 2020, but deny the allegations in Paragraph 54 of the Complaint provide complete and accurate terms of the extension agreement. Defendants further state that the extension agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 54 of the Complaint that contradict or misconstrue the terms of the extension agreement.

55.     Defendants admit Dignity Gold executed a promissory note in the principal amount of $330,000.00, but deny the allegations in Paragraph 55 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 55 of the Complaint that contradict or misconstrue the terms of the promissory note.

56.     Defendants admit Dignity Gold executed a promissory note in the principal amount of $330,000.00, but deny the allegations in Paragraph 56 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 56 of the Complaint that contradict or misconstrue the terms of the promissory note.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants admit Dignity Gold executed an extension agreement on or about August 31, 2020, but deny the allegations in Paragraph 58 of the Complaint provide complete and accurate terms of the extension agreement. Defendants further state that the extension agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 58 of the Complaint that contradict or misconstrue the terms of the extension agreement.

59.     Defendants admit Dignity Gold executed a promissory note in the principal amount of $285,000.00, but deny the allegations in Paragraph 59 of the Complaint provide complete and

accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 59 of the Complaint that contradict or misconstrue the terms of the promissory note.

60.    Defendants admit Dignity Gold executed a promissory note in the principal amount of $285,000.00, but deny the allegations in Paragraph 60 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 60 of the Complaint that contradict or misconstrue the terms of the promissory note.

61.    Defendants deny the allegations in Paragraph 61 of the Complaint.

62.    Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 62 of the Complaint, and therefore deny the allegations.

**Count I**
**(Action on Promissory Notes/Credit Line Loan Agreement Against HSI)**

63.    Defendants incorporate by reference their responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.    Defendants admit the allegations in Paragraph 64 of the Complaint.

65.    Defendants admit HSI entered into a Credit Line Loan Agreement on or about August 9, 2018, but deny the allegations in Paragraph 65 of the Complaint provide complete and accurate terms of the Credit Line Loan Agreement. Defendants further state that the Credit Line Loan Agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 65 of the Complaint that contradict or misconstrue the terms of the Credit Line Loan Agreement .

66.    Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 66, and therefore the allegations are denied.

67.     Defendants admit the Credit Line Loan Agreement has been amended, modified, and extended, but deny the allegations in Paragraph 67 of the Complaint provide complete and accurate terms of the modifications, amendments, and extensions of the Credit Line Loan Agreement. Defendants further state that the modifications, amendments, and extensions to the Credit Line Loan Agreement speaks for themselves and therefore Defendants further deny any allegations contained in Paragraph 67 of the Complaint that contradict or misconstrue the terms of the modifications, amendments, and extensions to the Credit Line Loan Agreement.

68.     Defendants admit the Credit Line Loan Agreement has been amended, modified, and extended, but deny the allegations in Paragraph 68 of the Complaint provide complete and accurate terms of the modifications, amendments, and extensions of the Credit Line Loan Agreement. Defendants further state that the modifications, amendments, and extensions to the Credit Line Loan Agreement speaks for themselves and therefore Defendants further deny any allegations contained in Paragraph 68 of the Complaint that contradict or misconstrue the terms of the modifications, amendments, and extensions to the Credit Line Loan Agreement.

69.     Defendants admit HSI entered into a modification and extension agreement of the Credit Line Loan Agreement on or about November 5, 2020, but deny the allegations in Paragraph 69 of the Complaint provide complete and accurate terms of the modification and extension agreement of the Credit Line Loan Agreement. Defendants further state that the modification and extension agreement of the Credit Line Loan Agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 69 of the Complaint that contradict or misconstrue the terms of the modification and extension agreement of the Credit Line Loan Agreement.

70.     Defendants admit HSI entered into a Credit Line Loan Agreement but deny the allegations in Paragraph 70 of the Complaint, including subparagraphs (a) through (ii) thereof, provide complete and accurate terms of the Credit Line Loan Agreement. Defendants further state that the Credit Line Loan Agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 70 of the Complaint, including subparagraphs (a) through (ii) thereof, that contradict or misconstrue the terms of the Credit Line Loan Agreement.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 72, and therefore deny the allegations.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegation that "only one payment of $100,000.00 was ever made [on the Forbearance Agreement] and, thus, Plaintiff's obligation to refrain from collection action had ceased on June 1, 2021." Defendants admit HSI entered into a Forbearance Agreement but deny the allegations in Paragraph 75 of the Complaint provide complete and accurate terms of the Forbearance Agreement. Defendants further state that the Forbearance Agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 75 of the Complaint that contradict or misconstrue the terms of the Forbearance Agreement.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 77.

**Count II**
**(Action on April 15, 2020 Promissory Note Against HSI)**

78.     Defendants incorporate by reference their responses to Paragraphs 1 through 62 of the Complaint as if set forth fully herein.

79.     Defendants admit HSI executed a promissory note in the principal amount of $547,750.00, but deny the allegations in Paragraph 79 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 79 of the Complaint that contradict or misconstrue the terms of the promissory note.

80.     Defendants admit HSI executed a promissory note in the principal amount of $547,750.00, but deny the allegations in Paragraph 80 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 80 of the Complaint that contradict or misconstrue the terms of the promissory note.

81.     Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 81, and therefore deny the allegations.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 84.

## Count III
### (Action on June 11, 2020 Promissory Note Against HSI)

85.     Defendants incorporate by reference their responses to Paragraphs 1 through 62 of the Complaint as if set forth fully herein.

86.     Defendants admit HSI executed a promissory note in the principal amount of $277,350.00, but deny the allegations in Paragraph 86 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 86 of the Complaint that contradict or misconstrue the terms of the promissory note.

87.     Defendants admit HSI executed a promissory note in the principal amount of $277,350.00, but deny the allegations in Paragraph 87 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 87 of the Complaint that contradict or misconstrue the terms of the promissory note.

88.     Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 88, and therefore deny the allegations.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 91.

## Count IV
### (Action on the Four Dignity Gold Promissory Notes)

92.     Defendants incorporate by reference their responses to Paragraphs 1 through 62 of the Complaint as if set forth fully herein.

93.     Defendants admit Dignity Gold executed a promissory note in the principal amount of $350,000.00, but deny the allegations in Paragraph 93 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 93 of the Complaint that contradict or misconstrue the terms of the promissory note.

94.     Defendants admit Dignity Gold executed a promissory note in the principal amount of $350,000.00, but deny the allegations in Paragraph 94 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 94 of the Complaint that contradict or misconstrue the terms of the promissory note.

95.     Defendants admit Dignity Gold executed a second promissory note in the principal amount of $350,000.00, but deny the allegations in Paragraph 95 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 95 of the Complaint that contradict or misconstrue the terms of the promissory note.

96.     Defendants admit Dignity Gold executed a second promissory note in the principal amount of $350,000.00, but deny the allegations in Paragraph 96 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 96 of the Complaint that contradict or misconstrue the terms of the promissory note.

97.    Defendants admit Dignity Gold executed a promissory note in the principal amount of $330,000.00, but deny the allegations in Paragraph 97 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 97 of the Complaint that contradict or misconstrue the terms of the promissory note.

98.    Defendants admit Dignity Gold executed a promissory note in the principal amount of $330,000.00, but deny the allegations in Paragraph 98 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 98 of the Complaint that contradict or misconstrue the terms of the promissory note.

99.    Defendants admit Dignity Gold executed a promissory note in the principal amount of $285,000.00, but deny the allegations in Paragraph 99 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 99 of the Complaint that contradict or misconstrue the terms of the promissory note.

100.    Defendants admit Dignity Gold executed a promissory note in the principal amount of $285,000.00, but deny the allegations in Paragraph 100 of the Complaint provide complete and accurate terms of the promissory note. Defendants further state that the promissory note speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 100 of the Complaint that contradict or misconstrue the terms of the promissory note.

101.    Defendants admit Dignity Gold executed an extension agreement on or about August 31, 2020, but deny the allegations in Paragraph 101 of the Complaint provide complete and accurate terms of the extension agreement. Defendants further state that the extension

agreement speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 101 of the Complaint that contradict or misconstrue the terms of the extension agreement.

102.    Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 102, and therefore deny the allegations.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 108.

**Count IV[1]**
**(Action on Guarantees Against Swig)**

109.    Defendants incorporate by reference their responses to Paragraphs 1 through 108 of the Complaint as if fully set forth herein.

110.    Defendants admit Defendant Swig executed a Guaranty on or about August 9, 2018 but deny the allegations in Paragraph 110 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 110 of the Complaint that contradict or misconstrue the terms of the Guaranty.

---

[1] The Complaint contains two "Count IVs".

111.     Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 111 and footnote 3 thereto, and therefore deny the allegations.

112.     Defendants admit Defendant Swig executed a Guaranty on or about August 9, 2018 but deny the allegations in Paragraph 112 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 112 of the Complaint that contradict or misconstrue the terms of the Guaranty.

113.     Defendants admit Defendant Swig executed the Guaranty on or about August 9, 2018 but deny the allegations in Paragraph 113 of the Complaint provide complete and accurate terms of the extension agreement. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 113 of the Complaint that contradict or misconstrue the terms of the Guaranty.

114.     Defendants deny the allegations in Paragraph 114 of the Complaint.

115.     Defendants deny the allegations in Paragraph 115 of the Complaint.

116.     Defendants admit Defendant Swig executed the guaranty agreements referenced in Paragraph 116 of the Complaint, and subparts (a)-(f) thereto, but deny the allegations in Paragraph 116 of the Complaint, and subparts (a)-(f) thereto, provide complete and accurate terms of the guaranty agreements. Defendants further state that the guaranty agreements speak for themselves and therefore Defendants further deny any allegations contained in Paragraph 116 of the Complaint, and subparts (a)-(f) thereto, that contradict or misconstrue the terms of the guaranty agreements.

117.     Defendants admit Defendant Swig executed the guaranty agreements referenced in Paragraph 116 of the Complaint, but deny the allegations in Paragraph 117 of the Complaint

18

provide complete and accurate terms of the guaranty agreements. Defendants further state that the guaranty agreements speak for themselves and therefore Defendants further deny any allegations contained in Paragraph 117 of the Complaint that contradict or misconstrue the terms of the guaranty agreements.

118.    Defendants deny the allegations in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations in Paragraph 122 of the Complaint.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 122.

**Count V**
**(Action on Guarantees Against Dignity Holding)**

123.    Defendants incorporate by reference their response Paragraphs 1 through 62 and 93 through 108 of the Complaint as if fully set forth herein.

124.    Defendants admit Dignity Holdings executed a Guaranty on or about March 5, 2020, but deny the allegations in Paragraph 124 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 124 of the Complaint that contradict or misconstrue the terms of the Guaranty.

125.    Defendants admit Dignity Holdings executed a Guaranty on or about March 5, 2020, but deny the allegations in Paragraph 125 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore

Defendants further deny any allegations contained in Paragraph 125 of the Complaint that contradict or misconstrue the terms of the Guaranty.

126.    Defendants admit Dignity Holdings executed a Guaranty on or about April 15, 2020, but deny the allegations in Paragraph 126 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 126 of the Complaint that contradict or misconstrue the terms of the Guaranty.

127.    Defendants admit Dignity Holdings executed a Guaranty on or about April 15, 2020, but deny the allegations in Paragraph 127 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 127 of the Complaint that contradict or misconstrue the terms of the Guaranty.

128.    Defendants admit Dignity Holdings executed a Guaranty on or about June 1, 2020, but deny the allegations in Paragraph 128 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 128 of the Complaint that contradict or misconstrue the terms of the Guaranty.

129.    Defendants admit Dignity Holdings executed a Guaranty on or about June 1, 2020, but deny the allegations in Paragraph 129 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 129 of the Complaint that contradict or misconstrue the terms of the Guaranty.

130.     Defendants admit Dignity Holdings executed a Guaranty on or about August 31, 2020, but deny the allegations in Paragraph 130 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 130 of the Complaint that contradict or misconstrue the terms of the Guaranty.

131.     Defendants admit Dignity Holdings executed a Guaranty on or about June 1, 2020, but deny the allegations in Paragraph 131 of the Complaint provide complete and accurate terms of the Guaranty. Defendants further state that the Guaranty speaks for itself and therefore Defendants further deny any allegations contained in Paragraph 131 of the Complaint that contradict or misconstrue the terms of the Guaranty.

132.     Defendants deny the allegations in Paragraph 132 of the Complaint.

133.     Defendants deny the allegations in Paragraph 133 of the Complaint.

134.     Defendants deny the allegations in Paragraph 134 of the Complaint.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 134.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses, undertaking the burden of proof only as to those defenses that are deemed by law to be affirmative defenses.  Defendants have not yet had an opportunity to complete discovery in this matter, and therefore have not waived any applicable defenses and reserve the right to amend or supplement these defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Payment)

Plaintiff cannot establish a prima facie case for breach of the Credit Line Loan Agreement, Forbearance Agreement, or any of the promissory notes or guarantees referenced in the Complaint,

because Defendants have paid Plaintiff all principal and interests owed thereunder.  Specifically, on or around December 8, 2021, Defendants issued 5 million Dignity ("DIGAU") cryptocurrency tokens to Ted Doukas, acting on behalf of Plaintiff, to "pay for ALL of the loans that we have with [Doukas and Plaintiff] total[ing] approximately $5 million."  Plaintiff accepted payment of the Dignity tokens, and therefor has been paid in full.

**SECOND AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

Plaintiff was fully compensated in accordance with the terms of the Forbearance Agreement and all promissory notes or guarantees referenced in the Complaint, and Plaintiff voluntarily accepted such compensation.  On or around December 8, 2021, Defendants issued 5 million Dignity cryptocurrency tokens to Ted Doukas, acting on behalf of Plaintiff, to "pay for ALL of the loans that we have with [Doukas and Plaintiff] total[ing] approximately $5 million." Plaintiff accepted the Dignity tokens as repayment of the loans sued on in the Complaint, and therefore Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Standing/Ownership)**

Plaintiff's claims may be barred because Breton Equity Company Corp. ("Breton"), not Plaintiff, may be the owner of some or all of the claims advanced in the Complaint.  Breton is not a party to this action and Plaintiff did not attach any assignments from Breton to Plaintiff to the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**
**(Waiver & Estoppel)**

Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel. Specifically, on or around December 8, 2021, Defendants issued 5 million Dignity ("DIGAU") cryptocurrency tokens to Ted Doukas, acting on behalf of Plaintiff, to "pay for ALL of the loans that we have with

22

[Doukas and Plaintiff] total[ing] approximately $5 million." Plaintiff accepted payment of the Dignity tokens, and therefore waived any alleged breaches of the Forbearance Agreement and all promissory notes or guarantees referenced in the Complaint. Moreover, because Plaintiff has accepted payment of the Dignity tokens, it is estopped from asserting the claims in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**(Release)**

Plaintiff's causes of action are, or may be, barred in whole or in part to the extent that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised those causes of action.. Specifically, on or around December 8, 2021, Defendants issued 5 million Dignity ("DIGAU") cryptocurrency tokens to Ted Doukas, acting on behalf of Plaintiff, to "pay for ALL of the loans for ALL of the loans that we have with [Doukas and Plaintiff] total[ing] approximately $5 million." Plaintiff accepted payment of the Dignity tokens, and therefore has released the claims asserted in the Complaint.

**GENERAL DENIAL AND NON-WAIVER**

Each and every allegation in the Complaint not specifically admitted is denied and the failure to deny a specific allegation, or assert a specific defense, shall not be deemed to be an admission of an allegation, or a waiver of a defense.

Date: October 25, 2022                           Respectfully submitted,

                                                 **GREENBERG TRAURIG, P.A.**
                                                 333 S.E. 2nd Avenue, Suite 4400
                                                 Miami, Florida 33131
                                                 Telephone: (305) 579-0816
                                                 Facsimile: (305) 579-0717

                                                 By: */s/ Enjoliqué A. Lett*
                                                       JAMES E. GILLENWATER
                                                       Florida Bar No. 1013518
                                                       Email: gillenwaterj@gtlaw.com

23

ENJOLIQUÉ A. LETT
Florida Bar No. 0104881
Email: enjolique.lett@gtlaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of October 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Enjoliqué A. Lett*
ENJOLIQUÉ A. LETT

## SERVICE LIST

ROBERT S. GERSHMAN
Florida Bar No. 917397
2160 W. Atlantic Avenue, 2nd Floor
Delray Beach, Florida 33445
Telephone: (561) 684-8898
Facsimile: (561) 998-5868
Primary e-mail: robert@rglawfirm.us
*Counsel for Plaintiff*

## **VERIFICATION**

Before an officer duly authorized to administer oaths appeared KENT M. SWIG, who, on oath, verifies the responses and information in DEFENDANTS' VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT are true and correct to the best of my information and belief. I have personal knowledge of the facts set forth herein and if called to testify as to these matter, I can do so competently.

Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This **25** day of October, 2021.

_____
KENT M. SWIG

ACTIVE 682675823v4